CULPEPPER, Judge.
This is a suit for damages for personal injuries sustained by plaintiff, a pedestrian. She contends she was struck from behind by an automobile being backed out of a driveway by the defendant, Mrs. Helene Martin Hyde. From an adverse judgment, plaintiff appealed.
The issues are: (1) Was plaintiff in fact struck by defendant’s automobile ? (2) If plaintiff was not actually struck, was any negligence of defendant, in backing out of the driveway without looking, the legal cause of plaintiff’s fall and resulting injuries ?
On the night in question, plaintiff and about 20 other persons, most of them elderly, had attended a birthday party at the home of Mrs. Lillian Bartell in Crowley, Louisiana. The residence is located on the south side of East Third Street, which runs generally east and west. There is a front walkway leading from about the center of the house to a sidewalk which runs along and parallel to the street. On the east side of the residence is a driveway, which runs from a garage in the rear of the house across the yard and the sidewalk to the street.
Plaintiff, 78 years of age, attended the party with her sister, Miss Hilda Clark, 82 years of age, and Mr. and Mrs. Joe Cassidy. The 4 of them had driven to the Bartell residence in the Cassidy automobile.
When they left the party, at about 9 :00 p. m., these 4 walked out the front walkway and then along the sidewalk toward the Bartell driveway. Mr. Cassidy left the 3 ladies and went to get his automobile, intending to drive back to the driveway to pick them up. At about this time, the defendant, Mrs. Hyde, backed her vehicle out of the Bartell driveway. She admittedly did not look through her rear window and did not see the pedestrians. She backed into and struck Mrs. Cassidy and Miss Clark, knocking them down and causing them injuries. There is a dispute as to whether defendant’s vehicle also struck plaintiff, Mrs. Cleveland.
Plaintiff’s version of the accident is that the 3 ladies were standing on the sidewalk in the driveway, Mrs. Cassidy on the east, Miss Clark in the middle and plaintiff nearest the Bartell residence. Plaintiff says she felt the car strike her back and she fell to the driveway, striking her head and also suffering back injuries (later diagnosed as a fractured sacrum).
Defendant’s version of the accident is that the automobile backed into Mrs. Cas-sidy arid Miss Clark, who were standing in the driveway. But, it did not strike plaintiff who was 10 or 12 feet from the driveway. A clear preponderance of the evidence supports this version of the facts.
Defendant produced 2 witnesses, Mr. Frank Rakestraw and Mr. C. B. McCorkle, who had also just left the party. They were preparing to enter their parked automobile a few feet from the driveway. These 2 witnesses testified positively that when they heard the screams they looked and saw plaintiff several feet from the driveway. They both said that immediately after the accident plaintiff first walked toward defendant’s vehicle, which had stopped. Then plaintiff apparently panicked and started walking back toward the house. She fell on or near the sidewalk 10 or 12 feet from the driveway.
- This testimony is corroborated by that of Mr. Cassidy. He stated that he was going to get his car when he heard the screams. He immediately went back, a distance of about 25 feet, and saw the 3 ladies had fallen down. Mrs. Cassidy and Miss Clark were lying in the driveway, but plaintiff, according to Mr. Cassidy’s testimony, was lying in the yard with her head on the sidewalk a distance of 8 or 10 feet from the driveway.
The testimony of Mrs. Cassidy and Miss Clark is vague and uncertain. They knew they were hit, but they could not say with *882 certainty that plaintiff was standing on the driveway or that she was struck.
In a short written opinion, the trial judge concluded “Plaintiff failed to prove that her injuries resulted from being struck by the vehicle of Mrs. Helene Martin Hyde, and for that reason, there will be judgment in favor of defendants and against plaintiff dismissing plaintiff’s demands at her cost.” Clearly, the record supports this factual conclusion.
Plaintiff argues next that even if she was not actually struck by defendant’s automobile, she fell and suffered injuries while trying to escape defendant’s negligently operated vehicle. The record does not support such a contention. There is no evidence that plaintiff fell while trying to escape defendant’s automobile.
Of course, plaintiff testified she was standing in the driveway and was struck by the vehicle. She does not say she was trying to escape. Mr. Rakestraw and Mr. McCorkle testified that when they heard the screams and looked up they first saw plaintiff several feet from the driveway. Defendant’s vehicle had stopped. Plaintiff first walked toward the vehicle but then turned and went back toward the house and fell. Under this version of the facts, plaintiff was not trying to escape defendant’s vehicle when she fell. There is simply no testimony in the record to show that plaintiff was trying to escape.
Under these factual conclusions, any negligence on the part of Mrs. Hyde, in backing out of the driveway without looking-to her rear, was not a legal cause of plaintiff’s injuries. See Todd v. Aetna Casualty & Surety Company, 219 So.2d 538 (3rd Cir.1969, writ denied) for a discussion of the general rules of legal causation.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.